UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-11768 PBS

MAGISTRATE JUDGE Collins

| | |
|---|---|
| THOMAS J. GRIFFIN III,<br>Plaintiff<br><br>vs.<br><br>MITT ROMNEY, Governor of the<br>Commonwealth of Massachusetts,<br>Defendant<br>and<br><br>ANGELO R. BUONOPANE,<br>Commissioner of the Department of<br>Industrial Accidents<br>Defendant<br><br>and<br><br>JANE C. EDMONDS,<br>Director of Department of Labor<br>and Workforce Development<br>Defendant<br><br>and<br><br>DEPARTMENT OF INDUSTRIAL<br>ACCIDENTS, a Division/Agency of<br>the Commonwealth of Massachusetts,<br>Defendant | RECEIPT # _____<br>AMOUNT $ 150<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE 8-13-04 |

## COMPLAINT

### JURISDICTION

This is an action for declaratory relief and judgment arising

(1) Under the Fourteenth Amendment to the Constitution of the United States, 42 USC § 1983;

(2) Part the First, Art. 1 of the Constitution of the Commonwealth of Massachusetts; and

(3) Civil Rights Act, Title VII of 1964, now Age Discrimination in Employment Act (ADEA) of 1967 (a) Mass. Gen. L. C. 151(B).

(4) The amount of damages claimed exceeds the jurisdictional amount.

## THE PARTIES

1. Plaintiff THOMAS J. GRIFFIN is a resident of Norfolk County, Commonwealth of Massachusetts, residing at 37 Cushing Hill Road, Norwell, Massachusetts 02061.

2. Defendant MITT ROMNEY is the Governor of the Commonwealth of Massachusetts and at all times material hereto has occupied the position as Chief Executive Officer of the Commonwealth of Massachusetts.

3. Defendant ANGELO R. BUONOPANE serves as the Commissioner of the Department of Industrial Accidents.

4. Defendant JANE C. EDMONDS serves as Director of the Department of Labor and Workplace Development. She was appointed by Governor Romney. She exercises direct and supervisory control of the Department of Industrial Accidents.

5. Defendant DEPARTMENT OF INDUSTRIAL ACCIDENTS, named as a party defendant, is the state Agency where plaintiff Thomas J. Griffin III was employed prior to termination.

6. This action is brought against the defendants as the basis of an unlawful discriminatory practice relating to employment of plaintiff in connection with plaintiff's age.

7. Plaintiff has been employed since July 29, 1991 by defendant Department of Industrial Accidents, beginning as Deputy Director of Administration. He was appointed Commissioner March, 2001.

8. As Commissioner, he supervised 310 employees including 29 Administrative Judges and managed a total budget of $69,000,000

9. Plaintiff has ably performed all duties throughout his period of employment and there have been no complaints as to his work performance. His two evaluations were outstanding, the highest rating, as Commissioner.

10. Plaintiff was born on June 2, 1938 and is currently 66 years of age.

11. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the general policy of the Commonwealth of Massachusetts concerning the employment of the Commissioner is that such employment continues as long as the performance is satisfactory, meeting all requirements.

### **FIRST CAUSE OF ACTION**
(Age Discrimination)

6. The plaintiff is a citizen of the United States and a resident of Norwell, Massachusetts.

7. The Department of Industrial Accidents is an agency of the Commonwealth of Massachusetts.

8. Defendant MITT ROMNEY is the Governor of the Commonwealth of Massachusetts and serves as the Chief Executive Officer overseeing all State Agencies, Authorities and Boards within the Commonwealth.

9. Defendant ANGELO BUONOPANE is the Commissioner of the Department of Industrial Accidents.

10. Defendant JANE C. EDMONDS is the Director of the Department of Labor and Workforce Development and exercises supervisory control over the Department of Industrial Accidents.

11. From July 29, 1991 until February 22, 2003, the plaintiff was employed by the Department of Industrial Accidents in the following positions:

| | |
|---|---|
| July 29, 1991 | Deputy Direction of Administration |
| October 1991 | Director of Administration |
| April 1996 | Deputy Commissioner |
| January 2001 | Acting Commissioner |

| | |
|---|---|
| March 2001 | Commissioner |
| February 3, 2003 | Director of Administration |
| February 22, 2003 | TERMINATION |

12. The Department of Industrial Accidents is under the supervision of the Director of the Department of Labor and Workforce Development ("Edmonds") and is responsible for the administration and enforcement of the laws and duties pertaining to the Department of Industrial Accidents.

13. Plaintiff ("Griffin") is entrusted with authority to issue regulations for the enforcement and administration of the Workers Compensation Act (Mass. Gen. L. c. 152); also to appoint the Director of the Division of Administration and recommends to the Governor the appointment of the Senior Judge in the Division of Dispute Resolution.

14. As Commissioner, the plaintiff directly managed and supervised four (4) permanent regional offices mandated by statute (M.G.L.A. c. 23E, § 1) in addition to the main office in Boston, Western (Springfield), Central (Worcester), Southeastern (Fall River) and Northeastern (Lawrence) sections of the state.

15. As Commissioner, the plaintiff appointed the Director of Administration and supervised his/her duties, which included claims administration, education and vocational rehabilitation, insurance, administration, data processing and safety.

16. Further, as Commissioner, plaintiff was responsible, through the Director of Administration, for investigating uninsured employer violations and claims handling technique, thus interfacing with the Commissioner of Insurance.

17. On January 15, 2003, the plaintiff's Deputy Commissioner, Priscilla Conant, received a summons to report to Mr. Robert Pozen of the Governor's office with Paul Griffin.

18. At that meeting of January 15, 2003, the plaintiff was later informed, that when his name as mentioned, Mr. Pozen stated: "Oh, Tom Griffin ... it's time for him to go ... he's too old. He'll be 65 in June (2003)."

4

19. On February 24, 2003, the plaintiff received notification of his termination effective February 22, 2003. He was 64 years old.

20. Defendant Angelo Buonopane was then appointed Commissioner. Said defendant is younger than the plaintiff. Defendant Buonopane is 55 years old.

21. Plaintiff has higher educational credentials, 11.5 years of continuing outstanding service with the Department of Industrial Accidents, plus served as a Colonel in the United States Army.

22. Plaintiff enjoys excellent physical and mental health and strength.

23. February 14, 2003, plaintiff was notified of his termination of employment in the Commonwealth, with mention of appreciation for "his contributions during his years of service."

24. Plaintiff is informed and believes that the true reason for his termination was his age.

25. Such acts and conduct on the part of defendants are in derogation of the plaintiff's rights to due process of law and to the legal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Part the First, Article 1 of the Constitution of the Commonwealth of Massachusetts.

26. The action of the defendants in denying plaintiff continued employment is so entirely without evidentiary foundation, is without reason or basis, and is so arbitrary, capricious, and unfounded that plaintiff is denied due process of law.

27. Plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff requests this Court:

(1) Issue an order reinstating plaintiff in his employment as Commissioner;

(2) Award plaintiff back pay in the amount of such sums as proved;

(3) Award plaintiff punitive damages, in such amounts as proved;

(4) Award plaintiff reasonable attorneys' fees and costs of suit;

(5) Grant plaintiff such other and further relief as the Court deems meet and just.

## SECOND CAUSE OF ACTION

(Breach of Contract)

28. Plaintiff refers to the allegations of Paragraphs 6-27 of the First Cause of Action, and by such reference repleads and incorporates them as though fully set forth here.

### COMPARISON

| GRIFFIN | BUONOPANE |
|---|---|
| High School | Cement Finisher |
| College, B.A. Northeastern, M.B.A. Syracuse University | Union Representative |
| U.S. Army (Retired as Colonel | Director of Labor and Workforce Development, 7 years |
| 11.5 years work in Department of Industrial Accidents | Commissioner of Department of Industrial Accidents (several months) |

29. At all times relevant to this action, defendants have represented to employees in various writings, including but not limited to personnel policies and procedure manuals, retirement and profit-sharing plan and employee guidelines, that their employment relationship with defendants would be based on good faith, that employees would be treated fairly and equitably, that employees would be judged on the basis of individual merit and ability, and that employees would receive just compensation for their services rendered to defendant. These provisions and representations form part of plaintiff's employment contract with defendants.

30. Prior to plaintiff's termination by defendants on February 14, 2003, plaintiff had performed all conditions, covenants, promises, duties and responsibilities required of him to be performed in accordance and in conformity with his employment contract.

31. On February 14, 2003, defendants breached plaintiff's contract and wrongfully failed to judge plaintiff on the basis of merit and ability, and wrongfully and without cause terminated plaintiff.

32. As a result of defendants' breach of contract as mentioned above, plaintiff has suffered and will suffer damages in excess of the jurisdictional requirements

of this Court. Plaintiff requests leave to amend this complaint on learning the extent of the damages and facts supporting this cause of action.

### THIRD CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing)

33. Plaintiff refers to the allegations of Paragraphs 6-27 of the First Cause of Action and Paragraphs 28-32 of the Second Cause of Action, and by such reference repleads and incorporates them as though fully set forth here.

34. The above-described employment agreement has implied in law a covenant of good faith and fair dealing by which defendants promised to give full cooperation to plaintiff in his performance under the employment agreement and to refrain from any act that would prevent or impede plaintiff from performing all of the conditions of the agreement.

35. Beginning on approximately February 3, 2003, and culminating with defendants' termination of plaintiff on February 14, 2003, defendants breached their implied covenant of good faith and fair dealing with regard to plaintiff by:

   (a) discriminatorily refusing to judge plaintiff on the basis of his ability and merit;

   (b) refusing and failing to make available to him continued employment opportunity;

   (c) failing and refusing to consider plaintiff's merit and ability for promotion or transfer;

   (d) failing to give any consideration to plaintiff's long-term record of employment service;

   (e) violating governmental policy procedures regarding job interviews of qualified candidates who have expressed a desire to be considered; and

   (f) failing to consider plaintiff fairly again for either Commissioner or another comparable position within the State defendants despite

36. plaintiff's abundant qualifications, all with the object of denying plaintiff the opportunity to continue in any employment.

36. As a proximate cause of defendants' breach of the covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits, and other employee benefits that he would have received had defendants not breached the agreement. Plaintiff requests leave to amend this complaint on learning the extent of the damages.

37. As a further proximate cause resulting from the above-mentioned acts, plaintiff has suffered humiliation, mental pain and anguish, all to plaintiff's damage, as will be proved.

38. The above-mentioned acts of the defendants were willful, wanton, malicious, and oppressive, and justify the awarding of punitive and exemplary damages, as proved.

## FOURTH CAUSE OF ACTION

(Wrongful Discharge)

39. Plaintiff refers to the allegations of Paragraphs 6-27 of the First Cause of Action, Paragraphs 28-32 of the Second Cause of Action, and Paragraphs 33 and 38 of the Third Cause of Action, and by such reference repleads and incorporates them as though fully set forth here.

40. The above-described actions of defendants constitute a wrongful discharge entitling plaintiff to general, compensatory and punitive damages.

## FIFTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

41. Plaintiff refers to the allegations of Paragraphs 6-27 of the First Cause of Action, Paragraphs 28 and 32 of the Second Cause of Action, and Paragraphs 33 and 38 of the Third Cause of Action, and by such reference repleads and incorporates them as though fully set forth here.

42. Defendants, in committing the above-described acts, intended to and did inflict severe emotional distress upon plaintiff. Defendants acted with a reckless disregard of the probability of causing emotional distress to plaintiff.

43. As a direct result of the outrageous acts and omissions, conduct, and discrimination, plaintiff became physically distraught and sustained shock to his nervous system and suffered severe emotional distress, all resulting in damages in excess of $40,000.00.

## SIXTH CAUSE OF ACTION

(Fraud, Deceit and Misrepresentation)

44. Plaintiff refers to the allegations of Paragraphs 6-27 of the First Cause of Action, Paragraphs 28-32 of the Second Cause of Action, Paragraphs 33 and 38 of the Third Cause of Action, and Paragraph 42 of the Fifth Cause of Action, and by such reference repleads and incorporates them as though fully set forth here.

45. Defendants made material misrepresentation of the fact that plaintiff be judged on the basis of merit and ability, and that plaintiff would be given a opportunity to interview and be evaluated for all positions opening up in the Department of Industrial Accidents.

46. Defendants concealed facts from plaintiff which defendants had an affirmative duty to disclose to the effect that defendants would not provide plaintiff with an opportunity to be evaluated on a non-discriminatory basis for transfer or later reinstatement.

    (a) The defendant Governor Romney, through his agents, represented to the plaintiff that if certain acts were performed in addition to his position, his post would be secured. The defendant intended that the plaintiff rely upon same. The plaintiff did rely on same and in spite of the representations he was terminated all to his damage.

    (b) The defendant's material representations were knowingly made to induce plaintiff to perform to his detriment and loss.

9

47. Defendants held themselves out as being situated so that plaintiff would reasonably rely on defendants. Defendants made the material misrepresentation and concealed facts with the knowledge of the falsity of the representations made, with the intent to induce plaintiff to rely on such representations. As a consequence, plaintiff reasonably relied on the fraudulent and material misrepresentations.

48. As a result of defendants' fraud and deceit, and misrepresentations as set forth above, plaintiff has suffered and will suffer damages in excess of the jurisdictional requirements of this Court. Plaintiff requests leave to amend this complaint on learning the extent of the damages.

49. Defendants' fraudulent actions towards plaintiff were willful and intentional, and were made with the intent to vex, annoy, oppress, and injure plaintiff, and therefore plaintiff is entitled to punitive damages as proven.

## SEVENTH CAUSE OF ACTION
(Conspiracy)

50. Plaintiff refers to the allegations of Paragraphs 6-27 of the First Cause of Action, Paragraphs 28 and 32 of the Second Cause of Action, Paragraphs 33 and 38 of the Third Cause of Action, Paragraphs 39 and 40 of the Fourth Cause of Action, Paragraphs 41 through 43 of the Fifth Cause of Action and Paragraphs 44 through 49 of the Sixth Cause of Action, and by such reference repleads and incorporates them as though fully set forth here.

51. Defendants MITT ROMNEY, ANGELO R. BUONOPANE and JANE EDMONDS in their respective individual and official capacities did maliciously conspire together in the City of Boston with intent to injure plaintiff Griffin as follows:

   (a) did terminate him without cause because of his age, all in violation of state and federal law;

   (b) did conceal from the plaintiff and the public the reason for his termination;

    (c)    by direction of the Governor the plaintiff was in fact terminated due to his age the very day (February 14, 2003) mention was made;

    (d)    defendant BUONOPANE caused to be circulated the rumor to authorities that plaintiff Griffin was ready to retire, which he knew from the plaintiff was false;

    (e)    that defendant BUONOPANE with other defendants conspired to have himself appointed Commissioner of the Department of Industrial Accidents with the Governor (ROMNEY) and the Director of the Department of Labor and Workforce Development (EDMONDS); and

    (f)    did by deception and enticement induce plaintiff to accept a temporary lower-paying position holding out representations that his position and pay would be reinstated when in fact the reverse was the plan.

52. In furtherance of the conspiracy, defendant BUONOPANE with others were all present when order was given to terminate plaintiff because of his age. Moreover, on February 14, 2003, at the close of the meeting defendant EDMONDS and Robert Pozen, admonished plaintiff's deputy (Conant) not to mention anything to plaintiff Griffin or anyone else concerning his age, nor his termination when they returned to the office of the Department of Industrial Accidents.

53. As a result of these wrongful acts, plaintiff has suffered damages as enumerated in the Sixth Cause of Action.

54. In committing these acts, defendants acted with malice toward plaintiff and plaintiff is entitled to recover in such sums or in such amounts as will sufficiently punish defendants for their willful and malicious conduct and as well serve as an example to prevent a repetition of such conduct in the future.

Plaintiff requests judgment against defendants, and each of them, jointly and singly, as enumerated in the Sixth Cause of Action.

**WHEREFORE**, plaintiff requests that this Court:

(1) Issue an order reinstating plaintiff in his employment as Commissioner;

(2) Award plaintiff back pay in the amount of such sums as proved;

(3) Award plaintiff punitive damages, in such amounts as proved;

(4)  Award plaintiff reasonable attorneys' fees and costs of suit;

(5)  Grant plaintiff such other and further relief as the Court deems meet and just.

On the Second Cause of Action:

(6)  Actual damages against defendants with interest thereon from the date of judgment until paid.

On the First, Third, Fourth, Fifth and Sixth Causes of Action:

(7)  Actual damages

(8)  General and compensatory damages to be established at trial; and

(9)  Punitive damages to be established at trial.

On all Causes of Action:

(10)  Costs of suit;

(11)  Reasonable attorneys' fees; and

(12)  Such other and further relief as the Court may deem just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES INCLUDING DAMAGES.**

THOMAS J. GRIFFIN III
By his attorney,

*[signature]*

ENOCH O'D. WOODHOUSE II, ESQ.
LAW OFFICE
59 Temple Place (Suite 310)
Boston, MA  02111
Tel:   (617) 338-9433
BBO# 533880

Dated: *August 12, 2004*

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

THOMAS J. GRIFFIN, III

**DEFENDANTS**

MITT ROMNEY, Gov. of Comm.
ANGELO BUONOPANE
JANE C. EDMONDS
Dept of Industrial Accidents

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ENOCH O.D. WOODHOUSE II
LAW OFFICE
50 Temple Pl. (Ste 310)
Boston, MA 02111  Tel 617 338 9933
                       617 734 7057

**ATTORNEYS (IF KNOWN)**

04-11768 PBS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

14 Amendment to U.S. Const (Equal Protection), Civil Rts ADEA (Age Discrimination) Plaintiff summarily terminated (age 64) due to age — Comm'r of Industrial Accidents for Commonwealth

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   **DEMAND $** unspecified damages   CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  NONE   JUDGE _____  DOCKET NUMBER _____

DATE August 12, 2004   SIGNATURE OF ATTORNEY OF RECORD /s/ [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT C
DISTRICT OF MASSACHUSE.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) THOMAS J. GRIFFIN, III
   vs   MITT ROMNEY, GOVERNOR

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   X  III.  110, 120, 130, 140, 151, (190), 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, (360), 362, 365, 370, 371,
            380, 385, 450, 891.

   __ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  ENOCH O'D. WOODHOUSE II
ADDRESS  59 Temple Place (suite 310)
         Boston, MA 02111
TELEPHONE NO.  Tel 617 338-9433
               617 734-7052

(Cover sheet local.wpd - 11/27/00)