```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

```
_____
                               )
THOMAS J. GRIFFIN, III,        )
                               )
     Plaintiff,                )
                               )   C.A. NO. 04-11768-PBS
v.                             )
                               )
MITT ROMNEY, et al.,           )
                               )
     Defendants.               )
_____)
```

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF THEIR MOTION TO DISMISS

I.  **Introduction**

   Plaintiff Thomas J. Griffin ("Griffin") was terminated from his employment at the Massachusetts Department of Industrial Accidents ("DIA") in February 2003. In August 2004, he filed this 42 U.S.C. § 1983 action against defendant Governor Mitt Romney and two other state officials seeking monetary damages and reinstatement, alleging that his termination violated the Age Discrimination in Employment Act ("ADEA"), federal due process, and state law.

   Griffin's federal causes of action are not viable and must be dismissed with prejudice. ADEA claims for monetary damages against state officials are barred by the sovereign immunity clause of the Eleventh Amendment. Griffin is also

-2-

not be entitled to injunctive relief in the form of reinstatement because of his failure to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") no later than 300 days after the last act of alleged discrimination.  Griffin's federal due process claim against state officials acting in their individual capacities cannot survive because they have been held not to be "persons" within the meaning of 42 U.S.C. § 1983, because they are otherwise immune under the Eleventh Amendment from monetary damages, and because Griffin, as a non-civil service, non-union, at-will employee had no reasonable expectation of continued employment.  Given that none of Griffin's federal causes of action is viable, pendant jurisdiction over the state law causes of action would be inappropriate and this entire suit should be dismissed with prejudice.

## II.  Statement Of The Undisputed Material Facts As To Which There Is No Issue To Be Tried

For the purposes of this motion, the following numbered material facts are not in dispute:

-3-

1.   On July 29, 1991, Griffin was hired by the DIA as its Deputy Director of Administration.[1]

2.   In October 1991, Griffin was promoted by the DIA from its Deputy Director to its Director of Administration.[2]

3.   In April 1996, Griffin was promoted by the DIA from its Director of Administration to its Deputy Commissioner.[3]

4.   In January 2001, Griffin was promoted by the DIA from its Deputy Commissioner to its Acting Commissioner.[4]

5.   In March 2001, Griffin was promoted by the DIA from its Acting Commissioner to its Commissioner.

6.   On January 2, 2003, defendant Mitt Romney was sworn in as Governor of Massachusetts.[5]  On or about the same time, Romney named defendant Jane C. Edmonds Director of the Department of Labor and Workforce Development, which has supervisory authority over the DIA.[6]

7.   On February 3, 2003, Griffin was removed as DIA Commissioner and once again appointed its Director of

---

[1]   Complaint, ¶¶ 7, 11.
[2]   Id., ¶ 11.
[3]   Id.
[4]   Id.
[5]   Id., ¶ 2.
[6]   Id., ¶ 10.

-4-

Administration.[7]  Griffin was replaced as Commissioner by defendant Angelo Buonopane.  At the time, Griffin was 64 and Buonopane was 55 years of age.[8]

8.   On February 22, 2003, DIA terminated Griffin's employment altogether.[9]

9.   On August 13, 2004, Griffin filed this action in federal district court.

### III. Argument

Griffin's complaint has specifically identified seven causes of action:  Age Discrimination; Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Wrongful Discharge; Intentional Infliction of Emotional Distress; Fraud, Deceit and Misrepresentation; and Conspiracy.  Only the first of these seven causes of action is federal and can confer jurisdiction on this Court.  It must be dismissed because:  (A) Griffin's age discrimination cause of action is barred by the Eleventh Amendment and his failure to exhaust his administrative remedies; (B) Griffin's due process cause of action is barred by the language of 42 U.S.C. § 1983, the Eleventh

---

[7]   Id., ¶ 11.
[8]   Id., ¶¶ 19-20.
[9]   Id., ¶ 19.

-5-

Amendment, and the absence of any reasonable expectation of continued employment; and, (C) in the absence of a viable federal cause of action, Griffin's remaining pendant state law claims should be dismissed.

  **A.** **Griffin's Age Discrimination Cause Of Action Is Barred By The Eleventh Amendment And His Failure To Exhaust His Administrative Remedies.**

  Griffin claims that his February 2003 termination at the age 64 was in violation of the ADEA.  To the extent that Griffin claims back pay, punitive damages, and attorneys' fees, the state, its agencies, and its agencies' officials acting in their official capacity are immune under the Eleventh Amendment.

  The Eleventh Amendment bars federal court lawsuits by private parties insofar as they attempt to impose liabilities necessarily payable from public coffers, unless the state has consented to suit or unless the protective cloak of the amendment has been doffed by waiver or stripped away by congressional fiat.  <u>Ramirez v. Puerto Rico Fire Service</u>, 715 F.2d 694 (1st Cir. 1983), <u>citing</u> <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445 (1976); <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974).  More to the point, the Supreme Court has recently held the ADEA does not validly

-6-

abrogate Eleventh Amendment immunity.  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000); see Sheehan v. Marr, 207 F.3d 35, 42, n.26 (1st Cir. 2000); State Police For Automatic Retirement v. Difava, 138 F. Supp.2d 142, 145 (D.Mass. 2001).

    Of course, Griffin seeks not merely money damages but injunctive relief in the form of reinstatement.  This arguably would constitute, in the inimitable words of Judge Selya, "a forward-looking anodyne...not anathematic to the Eleventh Amendment, even in the absence of consent or waiver."  Ramirez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983)(citations omitted).  However, here Griffin cannot obtain such relief because he has never filed an administrative charge with the EEOC.

    In order to sustain an ADEA claim for unlawful discrimination, a plaintiff must have filed an administrative charge with the EEOC within 300 days of the last alleged discriminatory act.  29 U.S.C. §§ 626(d)(2) & 633(d)(1978); e.g. Julian v. City of Houston, Tex., 314 F.3d 721, 725 (5th Cir. 2002); Flaherty v. Metromail Corp., 235 F.3d 133, 136 (2d Cir.2000); Washington v. Wash. Metro Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir. 1998).  Failure to do so results not merely in dismissal, but

-7-

dismissal with prejudice if the aggrieved party is too late to cure his oversight. <u>Stewart v. Ashcroft</u>, 352 F. 3d 422, 425-26 (D.C. Cir. 2003); <u>Rann v. Chao</u>, 346 F.3d 192, 194-95 (D.C. Cir. 2003).

The last conceivable act of discrimination against Griffin occurred on the date that his employment was terminated, February 22, 2003.  Griffin would thus have had to have filed his charge with the EEOC within 300 days of that date, or no later than December 22, 2003.  Griffin did not meet that deadline and it is now almost a year too late for him to do so.  His ADEA cause of action must therefore be dismissed with prejudice.

**B.   Griffin's Due Process Cause Of Action Is Barred By The Language of 42 U.S.C. § 1983, the Eleventh Amendment, And The Absence Of Any Reasonable Expectation Of Continued Employment.**

Griffin appears to have included within first cause of action, denominated "Age Discrimination," an unrelated claim of federal due process.[10]  No such cause of action can lie because of the language of 42 U.S.C. § 1983, the sovereign immunity clause of the Eleventh Amendment, and the particular circumstances of this case which fail to implicate due process.

-8-

The language of 42 U.S.C. § 1983 speaks to the liability of "persons." A state, its agencies, or agency officials acting in their official capacity have been deemed not to be "persons" for that purpose. Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 221-22 ( 1st Cir. 2003), citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The sovereign immunity clause of the Eleventh Amendment would again bar the rendering of any judgment against a state, state agency, or state agency officials which would have to be paid from state funds. Quern v. Jordan, 440 U.S. 332, 337 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and the Caribbean Cardiovascular Center Corp., 322 F. 3d 56, 63 (1st Cir. 2003).

Griffin would not be entitled to injunctive relief in the form of reinstatement because his employment does not implicate the due process clause. It is black letter law that "termination of at-will employment...is insufficient by itself to implicate a constitutionally protected liberty or property interest." Silva v. Worden, 130 F.3d 26 (1st Cir. 1997) citing Bishop v. Wood, 426 U.S. 341, 348-49 n.

---

**10**    Complaint, ¶ 25.

-9-

13 (1976); <u>Board of Regents v. Roth</u>, 408 U.S. 564, 572 (1972).  Notwithstanding his more than twelve years employment by the DIA, Griffin at all times remained nothing more than a non-civil service, non-union, at-will employee.  He could therefore be terminated for no reason or any reason at all, with no reasonable expectation of continued employment or right to due process.  <u>Cummings v. South Portland Housing Authority</u>, 985 F.2d 1 (1st Cir. 1993).

  **C. In The Absence Of A Viable Federal Cause Of Action, Griffin's Remaining Pendant State Law Claims Should Be Dismissed.**

 In the absence of a viable federal cause of action, this Court should decline to exercise its supplemental or pendant jurisdiction over Griffin's state law claims.  28 U.S.C. § 1367(c)(the district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).  The justification for pendant jurisdiction has been held to lie in considerations of judicial economy, convenience, and fairness to litigants.  <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).  However, it has also been held that if all the federal claims are dismissed before trial,

-10-

pendant jurisdiction would be "inappropriate."  Id.; accord, Williams v. Jones, 11 F.3d 247, 255 (1st Cir.1993); Paris v. U.S. Dept. of Housing and Urban Development, 988 F.2d 236, 240 (1st Cir.1993); Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 478 (1st Cir.1993).

**IV. Conclusion**

The defendants' motion to dismiss must be granted because Griffin's federal causes of action are not viable and this Court should decline to exercise pendant jurisdiction over the remaining state law claims.

**DEFENDANTS MITT ROMNEY, ANGELO R. BUONOPANE, and JANE C. EDMONDS,**

**By their Attorneys,**

**THOMAS F. REILLY**
**Attorney General**

**/s/ Charles M. Wyzanski**
**Charles M. Wyzanski**
**Assistant Attorney General**
**B.B.O. No. 536040**
**One Ashburton Place**
**Boston, MA. 02108**
**Tel.No. (617) 727-2200**