UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-11768-PBS

| | |
|---|---|
| THOMAS J. GRIFFIN III,<br>Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| MITT ROMNEY, Governor of the<br>Commonwealth of Massachusetts,<br>Defendant | )<br>)<br>) |
| and | )<br>) |
| ANGELO R. BUONOPANE,<br>Commissioner of the Department of<br>Industrial Accidents,<br>Defendant | )<br>)<br>)<br>) |
| and | )<br>) |
| JANE C. EDMONDS,<br>Director of Department of Labor<br>and Workforce Development,<br>Defendant | )<br>)<br>)<br>) |
| and | )<br>) |
| DEPARTMENT OF INDUSTRIAL<br>ACCIDENTS, a Division/Agency of<br>the Commonwealth of Massachusetts,<br>Defendant | )<br>)<br>)<br>) |

### PLAINTIFF'S RULE 56(f) MOTION FOR A CONTINUANCE TO CONDUCT DISCOVERY TO JUSTIFY OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THOMAS GRIFFIN III, Plaintiff in the above-entitled action, files this Rules 56(f) Motion for a Continuance to Conduct Discovery to justify his opposition to Defendants' Motion for Summary Judgment and Brief in Support, and shows the Court as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts Plaintiff has uncovered in discovery thus far reveal the following. The Commonwealth of Massachusetts, through the Department of Industrial Accidents ("Defendants") hired Plaintiff on July 29, 1991 as Deputy Director of Administration. He was promoted and appointed Commissioner March 2001. As Commissioner he was the chief executive officer of the Department of Industrial Accidents, supervising 310 employees including 29 Administrative Judges, and managing a total budget of $69,000,000.00.

During the month of January 2003, he was inveigled to accept a temporary demotion for reasons of realignment of the Department. On February 3, 2003 he willingly followed orders, moving back to his former office, yet still he performed functions he formerly did as the Commissioner with a pay cut. On January 15, 2003, the Plaintiff's Deputy Commissioner, Priscilla Conant, received a summons to report to Robert Pozen of the Governor's (named Defendant) office. There it was reported that Robert Pozen stated that it was time for Tom Griffin to go "because ... he's too old. He'll be 65 in June 2003." (Complaint, p. 4, par. 18)

Plaintiff was terminated on February 22, 2003 at age 64. The individual that replaced him as Commissioner was Angelo Buonopane (named Defendant), aged 55 years old.

Plaintiff filed suit in this case alleging Defendants

(1) Engaged in age discrimination;
(2) Breached the implied covenant of good faith and fair dealing;
(3) Wrongfully discharged the Plaintiff;
(4) Intentionally inflicted emotional distress;
(5) Committed fraud, deceit and misrepresentation;
(6) Engaged in conspiracies.

From investigations of the above facts from sources to be available to the Defendants, it appears that all named Defendants,

MITT ROMNEY, Governor of the Commonwealth of Massachusetts

ANGELO R. BUONOPANE, Commissioner of the Department of Industrial Accidents

2

> JANE C. EDMONDS, Director of Department of Labor and Workforce Development
>
> DEPARTMENT OF INDUSTRIAL ACCIDENTS, a Division/Agency of the Commonwealth of Massachusetts

Orchestrated and coordinated the actual termination. All of the above, singly and jointly, enticed Plaintiff to revert to his former lower position, take a pay cut and then without warning or justification, terminated him.

To date, Plaintiff has diligently pursued discovery in this case as it pertains to another similar case now pending before Massachusetts Commission Against Discrimination and Norfolk Superior Court. He has conferred with counsel in that case, keeping up to date on all depositions taken. In fact, deposition of Defendant Jane Edmonds recently taken, counsel for Plaintiff will obtain a copy of same as was done for Angelo Buonopane.

Plaintiff, however, has not yet had the opportunity to take the depositions of Mitt Romney, Angelo Buonopane, Jane C. Edmonds and Robert Pozen, the latter, I am informed, has since left the employ of the Commonwealth. The above are all essential and needed for Plaintiff to establish intent and scienter for all named six (6) causes of action.

Plaintiff will request Defendant to provide workable deposition dates.

On September 7, 2004, Defendant filed its Motion for Summary Judgment; and that Motion is currently before this Court. However, no date for hearing has been scheduled. Because Plaintiff has been unable to obtain the testimony he seeks through Notices of Deposition and because Plaintiff has been unable to take the depositions of key decision makers in this case, he currently does not have the testimony he requires to respond to Defendants' Motion. Therefore, Plaintiff now moves the Court for an extension of time within which to respond to Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) so that he might obtain the crucial evidence.

## II.   THE RULE 56(f) STANDARD

Federal Rule of Civil Procedure 56(f) provides:

> **(f) When Affidavits are Unavailable.** Should it appear from affidavits of a party opposing the motion that the party cannot for

3

reasons presented by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuation to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.

The Fifth Circuit has long held that FED. R. CIV. P. 56(f) motions requesting a continuance to conduct further discovery in order to fully and adequately respond to a summary judgment motion are committed to the sound discretion of the district court. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.), *cert. denied sub nom.*, BANK ONE, TEX., N.A. v. Wichita Falls Office Assoc., 508 U.S. 910 (1992), *citing International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 936 (1992). *See also, Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L.E.2d 275 (1994). The district court should be especially generous in granting continuances to conduct more discovery aimed at uncovering evidence of the moving party's state of mind. *International Shortstop*, 939 F.2d at 1267. Furthermore, where the party opposing summary judgment informs the district court that its efforts to obtain evidence from the moving party have been unsuccessful, a continuance should be granted "as a matter of course." *Id.*

The Fifth Circuit requires that a party seeking a FED. R. CIV. P. 56(f) continuance satisfy three requirements. The party seeking such a continuance must (1) request the continuance prior to the district court's ruling on the motion for summary judgment; (2) put the district court on notice that the party is seeking further discovery pertaining to a pending motion for summary judgment; and (3) demonstrate to the district court specifically how the requested discovery pertains to the pending motion. *Wichita Falls*, 978 F.2d at 919.

### III. PLAINTIFF IS ENTITLED TO A CONTINUANCE UNDER RULE 56(f)

Plaintiff has satisfied all the requirements of a Rule 56(f) motion for continuance. First, Plaintiff is filing this motion on the day his response is currently due, and therefore, prior to the Court's ruling on Defendants' Motion for Summary Judgment. Second, Plaintiff has put the court on notice that he is seeking further discovery pertaining to

4

Defendants' pending Motion for Summary Judgment. Third, the Affidavit of Priscilla Conant, attached hereto as Exhibit "A," demonstrates to the Court specifically how the evidence for which Plaintiff is seeking a continuance to discover pertains to Defendants' pending Motion for Summary Judgment. Furthermore, Plaintiff has been diligent in pursuing discovery thus far in the case but has been unable to take the depositions of key decision makers. Because Plaintiff expects this evidence to help him discern Defendants' state of mind, the Court should grant Plaintiff's continuance "as a matter of course" under *International Shortstop*, 939 F.2d at 1297.

Plaintiff requests a continuance to file his response to Defendant's Motion for Summary Judgment up to and including April 4, 2005. This case is not currently set for trial. Therefore, a continuance up to and including April 4, 2005 will not affect any pretrial deadline set by this Court. Moreover, granting Plaintiff's Motion for Continuance pursuant to Rule 56(f) will not prejudice or create any undue hardship for Defendants.

### IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

> Respectfully submitted,
> THOMAS J. GRIFFIN III,
> By his Attorney,
>
> _/s/ Enoch O'D. Woodhouse II_
> Enoch O'D. Woodhouse II
> Law Offices
> 59 Temple Place (Suite 310)
> Boston, MA 02111
> Tel: (617) 338-9433
> Cell: (617) 943-7091
> BBO #533880

A F F I D A V I T

COMMONWEALTH OF MASSACHUSETTS   )
                                )
                                ) ss.
                                )
COUNTY OF NORFOLK               )


On the 18th day of September 2003, before me Holly E. Nahabedian a Notary Public in and for the County and State captioned above, duly commissioned and sworn, and by law authorized to administer oaths and affirmations personally appeared PRISCILLA CONANT of the Town of Braintree, in such County and State, and being duly sworn, upon oath deposes and says:

_____
PRISCILLA CONANT

Subscribed and sworn to before me by PRISCILLA CONANT this 18th day of September 2003.

_____
NOTARY PUBLIC

Notary Public in and for the County of Middlesex, Commonwealth of Massachusetts, and by law authorized to administer oaths and affirmations. My Commission expires on the 13th day of May 2005.

1. That the Affiant is of full age and resides at 132 Tyson Common Lane, Braintree, Massachusetts.

2. That PRISCILLA CONANT served as an employee of the Department of Industrial Accidents for eleven (11) years, commencing February 2, 1992 as Director of Claims, advancing progressively up to the position of Deputy Commissioner, second in command to the Commissioner.

-2-

3. She served as Deputy Commissioner to THOMAS J. GRIFFIN III. As his deputy she interfaced with him daily, assuming all assignments, duties and other responsibilities inherent in her position. This relationship was on a continual and daily basis.

4. At all times I found him reliable, capable and effective in dealing with the myriad situations confronting the conduct of the affairs of the Department of Industrial Accident. His was the balancing act of adjusting the needs of the Board to serve the public and at the same time to fine tune the competing duties of the Judges and staff, all within the policies and guidelines set by the Administration. In short, in my opinion, MR. GRIFFIN was outstanding in all respects. It was a genuine pleasure to work with and for him.

5. My first hand knowledge of the workings of the Board and my personal daily contact with MR. GRIFFIN compels me, unsolicited to furnish this Affidavit.

6. In addition, I have intimate knowledge of facts surrounding, not only his demotion from Commissioner to ~~Deputy Commissioner~~ *Director of Administration* [handwritten: 9/18/03 PSC], but his ultimate termination from employment with the Commonwealth.

7. I am the same PRISCILLA CONANT, named plaintiff in a suit for my wrongful termination of employment with the Commonwealth, now pending in the Superior Court.

8. On February 14, 2003, in early afternoon, I received a telephone call to report to the office of Mr. Robert Pozen with Paul Griffin at 3:30 P.M. We appeared as requested. We had no clue why we were summonsed.

9. We were ushered into the office and saw Jane Edmonds, Director of Department of Labor and Workforce Development.

10. Paul Griffin broke the ice asking, "Why are we here ?" Mr. Pozen responded, "Let us set the record straight, we're asking you to stay put at the D.I.A. We've heard excellent things about you. We were then asked, "Will you stay?" We both replied, "Yes". Mr. Pozen then said, "That's the good news."

11. Then he said, "Now for the bad news." TOM GRIFFIN will be terminated.

12. I lost it, saying, "You can't do that, you can't terminate him, we're a team." My composure flew out the window and with voice quivering, JANE EDMONDS, seeing my distraught state, reached across the table, holding my hands, said words to the effect, that not to worry, things will be worked out.

13. After trying to get myself together and the tension in the room had settled, MR. POZEN said, "It's time for him to go... he's too old. He'll be 65 in June (2003)."

14. The question was then asked, who was going to tell TOM GRIFFIN. MR. POZEN replied: "ANGELO BUONOPANE".

15. JANE EDMONDS walked me out of the office in a genuine effort of consolation and sympathy. Her words were those of regret, that we had all heard what MR. POZEN had said. MRS. EDMONDS offered me her private number and her availability should the need arise.