UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS J. GRIFFIN, III,<br><br>　　Plaintiff,<br><br>v.<br><br>MITT ROMNEY, et al.,<br><br>　　Defendants. | C.A. NO. 04-11768-PBS |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(f) MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY

As a consequence of his employment termination by the Massachusetts Department of Industrial Accidents, Thomas J. Griffin filed the above-captioned action in August 2004. Defendants filed a 12(b)(6) motion to dismiss in September 2004. They assented to Griffin's request for an extension of time to October 24, 2004, and assented yet again to Griffin's second request for an extension of time to December 13, 2004.

Now Griffin has filed a Rule 56(f) Motion For A Continuance To Conduct Discovery. Defendants strenuously object, both because Rule 56 pertains to motions for summary judgment and not Rule 12(b)(6) motions to dismiss, and because Griffin has not identified any discoverable

-2-

facts that could possibly justify his opposition to defendants' motion to dismiss.

Griffin maintains that discovery is "essential and needed for Plaintiff to establish intent and scienter for all named six (6) causes of action."[1] Intent and scienter have absolutely no bearing on, much less would they negate, the reasons which defendants have put forth for dismissal. Even if defendants <u>had</u> harbored the most malicious and prejudicial intent and scienter, Griffin's ADEA claims for monetary damages against state officials would still be barred by the sovereign immunity clause of the Eleventh Amendment. Griffin would also be barred from obtaining any relief because of his failure to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last act of alleged discrimination. Similarly, his federal due process claim against state officials acting in their official capacities would not survive because they are not "persons" within the meaning of 42 U.S.C. § 1983, because they are otherwise immune under the Eleventh Amendment from monetary damages, and because Griffin, as a non-civil service, non-union, at-

---

[1] Plaintiff's Rule 56(f) Motion for a Continuance, p. 3.

-3-

will employee would have no reasonable expectation of continued employment.

Given, then, that Rule 56(f) does not apply to a Motion to Dismiss, and given, further, that those issues as to which Griffin wishes to conduct discovery cannot save his federal causes of action, this Court should deny Griffin's Rule 56 and this entire suit should be dismissed with prejudice.

DEFENDANTS MITT ROMNEY, ANGELO R. BUONOPANE, and JANE C. EDMONDS,

By their Attorneys,

THOMAS F. REILLY
Attorney General

/s/ Charles M. Wyzanski
Charles M. Wyzanski
Assistant Attorney General
B.B.O. No. 536040
One Ashburton Place
Boston, MA. 02108
Tel.No. (617) 727-2200

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (mail) (by hand) on 12-15-04