UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-11768-PBS

| | |
|---|---|
| THOMAS J. GRIFFIN III, <br> Plaintiff | ) <br> ) <br> ) <br> ) |
| vs. | ) <br> ) |
| MITT ROMNEY, et als., <br> Defendants | ) <br> ) <br> ) |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff THOMAS J. GRIFFIN, III ("Griffin") has been employed at the Department of Industrial Accidents ("DIA") for approximately 12 years. In recognition of his ability and performance, he was appointed by Governor Romney as Commissioner of the DIA March 2001. As Commissioner, he supervised 310 employees, including 29 Administrative Judges and managed a total budget of $69,000,00.00. During his tenure, all of his evaluations were "outstanding," the highest rating as Commissioner. On January 15, 2003, a meeting was convened by one Robert Pozen of the Governor's office (no longer in employ of Commonwealth, but his deposition will be sought).

Griffin was 64 years old. He was then inveigled to step down from Commissioner to Director of Administration, with a $20,000 pay cut, to help the DIA realign. This was represented by Angelo Buonopane (age 55). To the surprise of all, Mr. Buonopane (Co-Defendant in this action) secured Griffin's spot on February 3, 2003. On February 22, 2003, he was terminated.

In the Second Cause of Action (Breach of Contract), a chart of comparison between the qualifications Griffin and Buonopane do not warrant reproduction here.

The Third Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing) outlines the less than fair method of business dealings between not only

colleagues, but extreme sharp practices by one to gain advantage. Public service departments are not the hurly-burly of the market place.

The other remaining counts:

Count IV – Wrongful Discharge

Count V – Intentional Infliction of Emotional Distress

Count VI – Fraud, Deceit and Misrepresentation

Count VII – Conspiracy.

It was Count VII (Conspiracy) that Defendants Buonopane and Edmonds, under the executive, acted in concert conspired to lure him into a lower position with assurances of its temporariness only to terminate his entire employment with the Commonwealth. There was no proffer of other suitable employment.

## II. STATEMENT OF THE UNDISPUTED MATERIAL FACTS AS TO WHICH THERE IS NO ISSUE TO BE TRIED

For the purposes of this opposition, the following numbered material facts are not in dispute:

(1)   On July 29, 1991, Griffin was hired by the DIA as its Deputy Director of Administration.

(2)   In October 1991, Griffin was promoted by the DIA from Deputy Director to Director of Administration.

(3)   April 1996, Griffin was promoted by the DIA from Director of Administration to Deputy Commissioner.

(4)   In January 2001, Griffin was promoted by DIA from Deputy Commissioner to Acting Commissioner and in March 2001, he was promoted from Acting Commissioner to its Commissioner.

(5)   On January 2, 2003, Defendant Mitt Romney was sworn in as Governor of Commonwealth. Soon afterwards, Romney named Defendant Jane C. Edmonds, Director of the Department of Labor and Workforce Development, which has supervisory authority over the DIA.

(6)   Also, at the same time, Griffin was retained as Commissioner of the DIA.

(7) On or about January 15, 2003, Griffin was inveigled by Buonopane to assist the DIA in realignment and step down temporarily to his former position as Director of Administration (with pay cut of $20,000).

(8) At the same time period, Buonopane had never served in DIA, but had served in same position as Edmonds.

(9) Griffin obliged and reverted back to his former position. At this time, Griffin had no inkling that Buonopane was in fact seeking Griffin's position himself.

(10) On or about January 15, 2003, a meeting was convened on order from the Governor's office by one Robert Pozen, attended by Priscilla Conant, Buonopane and one Paul Griffin (no relation to Plaintiff).

(11) At that meeting, Pozen stated: "OK, Tom Griffin . . . it's time for him to go . . . he's too old. He'll be 65 in June 2003."

(12) In the new alignment with Buonopane and Griffin now as his Deputy, there was no friction, in fact, Griffin still performed as de facto Commissioner and cooperated fully in fulfilling all functions of the DIA, and with his pay cut.

(13) At the time of termination/realignment, Griffin was 65 and Buonopane was 55 years of age.

(14) On February 22, 2003, Griffin, as Deputy Commissioner, was terminated by letter, with thanks for his service to the Commonwealth and with no reason or grounds.

(15) On August 28, 2003, Griffin, pursuant to Mass. Gen. Laws, Chapter 258 (Mass. Tort Claims Act) directed through his attorney his letter of presentment to Governor Romney advising, *inter alia*, of his wrongful termination, because of his age (See "A").

(16) On August 28, 2003, Griffin, pursuant to Mass Gen. Laws, Chapter 258 (Mass. Tort Claims Act) directed through his attorney his letter of presentment to Jane C. Edmonds advising, *inter alia*, of his wrongful termination because of his age (See "B").

(17) There has been no response from either Romney or Edmonds.

3

## III. ARGUMENT

    A.    Griffin's Age Discrimination Cause is not barred by the Eleventh Amendment and he has complied with state statute of presentment.

Griffin's Complaint invokes the equity jurisdiction of this court with a jury claim. The Complaint comports seven (7) Causes of Action:

(1) Age Discrimination
(2) Breach of Contract
(3) Breach of Implied Covenant of Good Faith and Fair Dealing
(4) Wrongful Discharge
(5) Intentional Infliction of Emotional Distress
(6) Fraud, Deceit and Misrepresentation
(7) Conspiracy

It is contended that all Counts, including the Age Discrimination, are viable and actionable in the federal court.

Defendant posits dismissal of age discrimination because of failure to exhaust administrative remedies.

Plaintiff contends that equitable estoppel would bar the defense of failure to exhaust administrative remedies given the two letters (certified mail) to the responsible agencies.

As a condition precedent, the State Legislature enacted Chapter 258, which specifically delineates means by which suit may be instituted against the Commonwealth.

Neither Romney nor Edmonds responded in writing of any denial. The statute is silent as to the specific requirements that age discrimination cases are *sui generis* and must be addressed specifically to any agency:

M.G.L. c.258 § 4

**§ 4. Instituting claims: final denial; limitation of actions**

A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or

4

> registered mail, or as otherwise provided by this section.
> The failure of the executive officer to deny such claim in
> writing within six months after the date upon which it is
> presented, or the failure to reach final arbitration,
> settlement or compromise of such claim according to the
> provisions of section five, shall be deemed a final denial of
> such claim. No civil action shall be brought more than
> three years after the date upon which such cause of action
> accrued.

Thus, the failure of the state to respond to either of the statutory required letters of presentment might give rise to equitable estoppel.

Equitable estoppel and "estoppel in pais" are now generally used interchangeably. This principle was used throughout all of the transactions and contracts of civilized life.

> 28 Am. Jur. 2d Estoppel & Waiver §28, p. 454-55

§ 2.8 Definitions & nature.

> Equitable estoppel is a judicial remedy by which a party
> may be precluded by its own act or omission from asserting
> a right to which it otherwise would have been entitled, or
> pleading or proving an otherwise important fact.

*Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295 (2nd Cir 1996) (applying New York law)

> "It prevents a party from asserting rights when his own
> conduct renders that assertion contrary to equity or good
> conscience. . . ."

Griffin's stay as Deputy Commissioner was as "short-lived" as the aspirations of Jose Ramirez (firefighter) in the case cited by Defendant, *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694 (1983), yet Selya, J pointed our path at p. 698:

> "ADEA first became law in 1967, but has since been the
> subject of substantial amendment. A decade ago, ADEA
> did not, by its terms, reach state employees, but in 1974
> Congress perfected such an extension of ADEA coverage.
> Thus we must decide the palimpsest so created."

This Court should not feel constrained in denying motion to dismiss this entire case. Further, the remarks of President Nixon in 1972 in *Ramirez, supra*, were cited at p. 699:

> "Discrimination based on age – what some people call
> 'age-ism' – can be as great an evil in our society as
> discrimination based on race or religion or any other

5

## IV. CONCLUSION

The Defendants' Motion to Dismiss must be denied because there exists genuine issues of material fact. The multifariousness of this action warrants determination of the controverted facts through normal trial process.

Respectfully submitted,
THOMAS J. GRIFFIN III,
By his Attorney,

Dated January 28, 2005

Enoch O'D. Woodhouse II
Law Offices
59 Temple Place (Suite 310)
Boston, MA  02111
Tel:  (617) 338-9433
Cell:  (617) 943-7091
BBO #533880

7

A

# ENOCH O'D. WOODHOUSE II

LAW OFFICES
ATTORNEY AT LAW

59 TEMPLE PLACE
BOSTON, MASSACHUSETTS 02111
TEL (617) 227-5969
(617) 338-9433

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
(7001 0320 0003 3473 5646)



August 28, 2003

Hon. Mitt Romney, Governor of the Commonwealth of Massachusetts
The State House
Boston, Massachusetts 02133

    Re:    CLAIM-TERMINATION
                Thomas J. Griffin III, Commissioner (ex);
                    Director of Administration (ex)
                Department of Industrial Accidents

Dear Governor Romney:

This office has been retained to represent the interests of Thomas J. Griffin III, former Commissioner of the Industrial Accident Board in his claim in wrongful termination of his employment.

Pursuant to the provisions under the Tort Claims Act (Mass. Gen. Laws, Chapter 258) and particularly section 4 requiring presentment notice, please be advised that this demand letter serves as his claim for said wrongful termination of employment with the Commonwealth on February 22, 2003.

As you are no doubt aware, our Claim encompasses both his unwarranted demotion as Commissioner of the Department of Industrial Accident to the position of Director of Administration at a salary loss of $20,000.00. Then, ten (10) days later, he was summarily terminated without cause, from employment with the Commonwealth.

This should not have transpired, given his excellent job performance, reputation with practicing attorneys before the Board, Judges, staff and general public. He was wrongfully terminated because of his age, sixty-four (64).

ENOCH O'D. WOODHOUSE II, P.C.
ATTORNEY AT LAW

page two
August 28, 2003
Hon. Mitt Romney, Governor of the Commonwealth of Massachusetts
The State House
Boston, Massachusetts 02133

(Re: Claim-Termination, Thomas J. Griffin III)

Although the legal requirements of letter of presentment to the "executive officer of such public employer" require statement of claim and demand, it is felt that the unique facts and participation direct of officials at the highest level requires more than salutary references. This would be in keeping with the avowed purpose of presentment, i.e., that the public official responsible, after receiving notice of claim, may improperly investigate and then evaluate our claim and then, if valid, provide and effectuate expeditious settlement. (*Yun Ku v. Town of Framingham*, (2002) 762 NE2d, 53 Mass App. Ct. 727).

On January 15, 2003, at 3:30 P.M. it is claimed that a meeting was held at the offices of Mr. Robert Pozen. It is further alleged that at that meeting, Mr. Pozen uttered the words, "It's time for Tom Griffin to go ... he's too old." Such pronouncement was given effect as Mr. Griffin was terminated shortly thereafter. Mr. Pozen later added that he did not like to do this, but he was acting under orders.

## CLAIMS

Claims are herewith enumerated as follows:

I. Wrongful Termination Claims

    A. Implied covenant of good faith and fair dealing

    B. Violation of public policy

II. Breach of Contract Claims

    A. Contract other than durational terms

    B. Quasi Contract and Promissory Estoppel

    C. Implied Contract

    D. Conduct arising from conduct of parties

ENOCH O'D. WOODHOUSE II, P.C.
ATTORNEY AT LAW

page three
August 28, 2003
Hon. Mitt Romney, Governor of the Commonwealth of Massachusetts
The State House
Boston, Massachusetts 02133

(Re: Claim-Termination, Thomas J. Griffin III)

III.  Tort Claims

   A.  Civil Conspiracy

   B.  Intentional infliction of emotional distress

   C.  Negligent infliction of emotional distress by employer

   D.  Tortious interference with contractual advantageous relations

IV.  Statutory Rights and Claims

   A.  Age Discrimination (Mass. Gen. Laws, Chapter 151B)

V.  Consequential Claims

   A.  Loss of Consortium

   B.  Causally related medical expenses

### DAMAGES SOUGHT

I.  Damages, including multiple (double or treble)

II.  Attorneys' Fees and Costs

III.  Such other equitable relief

Please be assured that all of our claims above-stated have been legally researched and are factually substantiated by our intensive investigation. It is for this reason that we state our willingness to discuss with you and your counsel settlement of this case upon your evaluation and your inquiries. We respectfully urge that a written response or a meeting be arranged with counsel by September 22, 2003.

ENOCH O'D. WOODHOUSE II, P.C.
ATTORNEY AT LAW

page four
August 28, 2003
Hon. Mitt Romney, Governor of the Commonwealth of Massachusetts
The State House
Boston, Massachusetts  02133

      (Re:  Claim-Termination, Thomas J. Griffin III)

                         Sincerely yours,

                         ENOCH O'D. WOODHOUSE II
                         Attorney for Thomas J. Griffin III

cc:    Mr. Thomas J. Griffin III (Client)
       Jane C. Edmonds, Director, Department of Labor and Workforce Development

ENOCH O'D. WOODHOUSE II, P.C.
ATTORNEY AT LAW

B

# ENOCH O'D. WOODHOUSE II

LAW OFFICES  
ATTORNEY AT LAW

59 TEMPLE PLACE  
BOSTON, MASSACHUSETTS 02111  
TEL ~~(617) 221-5880~~  
(617) 338-9433



CERTIFIED MAIL  
RETURN RECEIPT REQUESTED  
(7001 0320 0003 3473 5639)

August 28, 2003

Jane C. Edmonds  
Director  
Department of Labor and Workforce Development  
One Ashburton Place, Suite 2112  
Boston, Massachusetts 02108

  Re: CLAIM-TERMINATION  
    Thomas J. Griffin III, Commissioner (ex);  
     Director of Administration (ex)  
    <u>Department of Industrial Accidents</u>

Dear Director Edmonds:

This office has been retained to represent the interests of Thomas J. Griffin III, former Commissioner of the Industrial Accident Board in his claim in wrongful termination of his employment.

Pursuant to the provisions under the Tort Claims Act (Mass. Gen. Laws, Chapter 258) and particularly section 4 requiring presentment notice, please be advised that this demand letter serves as his claim for said wrongful termination of employment with the Commonwealth on February 22, 2003.

As you are no doubt aware, our Claim encompasses both his unwarranted demotion as Commissioner of the Department of Industrial Accident to the position of Director of Administration at a salary loss of $20,000.00. Then, ten (10) days later, he was summarily terminated without cause, from employment with the Commonwealth.

This should have not transpired, given his excellent job performance, reputation with practicing attorneys before the Board, Judges, staff and general public. He was wrongfully terminated because of his age, sixty-four (64).

ENOCH O'D. WOODHOUSE II, P.C.
ATTORNEY AT LAW

page two
August 28, 2003
Jane C. Edmonds
Director
Department of Labor and Workforce Development
One Ashburton Place
Boston, Massachusetts

(Re: Claim-Termination, Thomas J. Griffin III)

Although the legal requirements of letter of presentment to the "executive officer of such public employer" require statement of claim and demand, it is felt that the unique facts and participation direct of officials at the highest level requires more than salutary references. This would be in keeping with the avowed purpose of presentment, i.e., that the public official responsible, after receiving notice of claim, may improperly investigate and then evaluate our claim and then, if valid, provide and effectuate expeditious settlement. (*Yun Ku v. Town of Framingham*, (2002) 762 NE2d, 53 Mass App. Ct. 727).

On January 15, 2003, at 3:30 P.M. it is claimed that a meeting was held at the offices of Mr. Robert Pozen. It is further alleged that at that meeting, Mr. Pozen uttered the words, "It's time for Tom Griffin to go ... he's too old." Such pronouncement was given effect as Mr. Griffin was terminated shortly thereafter. Mr. Pozen later added that he did not like to do this, but he was acting under orders.

## CLAIMS

Claims are herewith enumerated as follows:

I. Wrongful Termination Claims

    A. Implied covenant of good faith and fair dealing

    B. Violation of public policy

II. Breach of Contract Claims

    A. Contract other than durational terms

    B. Quasi Contract and Promissory Estoppel

    C. Implied Contract

    D. Conduct arising from conduct of parties

ENOCH O'D. WOODHOUSE II, P.C.
ATTORNEY AT LAW

page three
August 28, 2003
Jane C. Edmonds
Director
Department of Labor and Workforce Development
One Ashburton Place
Boston, Massachusetts

(Re: Claim-Termination, Thomas J. Griffin III)

III. Tort Claims

    A. Civil Conspiracy

    B. Intentional infliction of emotional distress

    C. Negligent infliction of emotional distress by employer

    D. Tortious interference with contractual advantageous relations

IV. Statutory Rights and Claims

    A. Age Discrimination (Mass. Gen. Laws, Chapter 151B)

V. Consequential Claims

    A. Loss of Consortium

    B. Causally related medical expenses

### DAMAGES SOUGHT

I. Damages, including multiple (double or treble)

II. Attorneys' Fees and Costs

III. Such other equitable relief

Please be assured that all of our claims above-stated have been legally researched and are factually substantiated by our intensive investigation. It is for this reason that we state our willingness to discuss with you and your counsel settlement of this case upon your evaluation and your inquiries. We respectfully urge that a written response or a meeting be arranged with counsel by September 22, 2003.

ENOCH O'D. WOODHOUSE II, P.C.
ATTORNEY AT LAW

page four
August 28, 2003
Jane C. Edmonds
Director
Department of Labor and Workforce Development
One Ashburton Place
Boston, Massachusetts

    (Re: Claim-Termination, Thomas J. Griffin III)

              Sincerely yours,

              ENOCH O'D. WOODHOUSE II
              Attorney for Thomas J. Griffin III

cc:  Mr. Thomas J. Griffin III (Client)
   Hon. Mitt Romney, Governor of the Commonwealth

## CERTIFICATE OF SERVICE

I, ENOCH O'D WOODHOUSE II, Attorney for PLAINTIFF GRIFFIN make oath and say that on the 29th day of January 2005, I caused to be served MAIL POSTAGE PREPAID/ ~~IN HAND~~, a copy of the attached pleading upon Charles Wyzanski, Asst Atty Gen.    Attorney for Defendants in the above-captioned matter.

*signature*
ENOCH O'D WOODHOUSE II